# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION
# LEXINGTON

**CIVIL ACTION NO. 10-259-JBC**

**FORCHT BANK, NA,**                                                           **PLAINTIFF,**

V.          **MEMORANDUM OPINION AND ORDER**

**BANCINSURE, INC.,**                                                      **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on defendant Bancinsure, Inc.'s motion to bifurcate discovery and trial of the coverage and bad-faith claims and to stay discovery on the bad-faith claims (R. 13). The court will grant the motion.

The coverage and bad-faith claims are likely to involve distinct fact issues. The coverage claim concerns whether the insurance bond that Bancinsure issued to the plaintiff, Forcht Bank, NA, covers a loss that Forcht Bank sustained on a defaulted loan. The parties are likely to focus on the construction of the bond terms when they litigate the coverage dispute. By contrast, if the bad-faith claims go forward, the parties are likely to focus on Bancinsure's motive, conduct, and knowledge when it denied coverage. *See Motorists Mut. Ins. Co. v. Glass*, 996 S.W.2d 437, 452 (Ky. 1997) (quoting *Wittmer v. Jones*, 864 S.W.2d 885, 890 (Ky. 1993)). The parties fail to identify fact issues common to the respective claims. Forcht Bank makes the bald assertion that Bancinsure "would no doubt offer the same proof in order to attempt to defeat Forcht Bank's contract and bad

faith claims," but the bank fails to specify what that proof would entail.  R. 16 at 8.

For the same reason, Forcht Bank fails in arguing that bifurcation is improper in a first-party dispute such as this one.  In the first-party cases that Forcht Bank cites, the parties identify fact issues common to the coverage and bad-faith claims. *See Lively v. USAA Casualty Ins. Co.*, No. 08-cv-422, 2009 WL 1116327, at *2 (E.D. Ky. Apr. 24, 2009); and *Tharpe v. Illinois Nat. Ins. Co.*, 199 F.R.D. 213, 215 (W.D. Ky. 2001).  No such fact issues have been identified here.

Because the claims appear to entail distinct fact issues, bifurcation will assist in achieving economy.  The parties will only expend needless time and resources conducting discovery on issues that are likely to be irrelevant if Forcht Bank is not entitled to coverage.

Accordingly,

**IT IS ORDERED** that Bancinsure's motion to bifurcate discovery and trial of the coverage and bad-faith claims and to stay discovery on the bad-faith claims (R. 13) is **GRANTED**.  All discovery relating to Forcht Bank's claims against Bancinsure for bad faith, breach of the duty of good faith and fair dealing, and violation of Kentucky's Insurance Code shall be stayed until after resolution of Forcht Bank's coverage claim.  Forcht Bank's claims against Bancinsure for bad faith, breach of the duty of good faith and fair dealing, and violation of Kentucky's Insurance Code shall be bifurcated from the trial of Forcht Bank's coverage claim.

**IT IS FURTHER ORDERED** that the parties shall file a new Rule 26(f) report for the coverage phase within twenty-one days of the date of this order.

Signed on December 10, 2010

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY